UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BIRKENSTOCK FOOTPRINT
SANDALS, INC.

              Plaintiff,

v.

JOSEPH SOLE AND
GUIDE PUBLICATIONS
a/k/a GUIDE INTERNET PUBLICATIONS

              Defendants.
_____

**COMPLAINT AND JURY DEMAND**

Case No. _____

      Plaintiff Birkenstock Footprint Sandals, Inc., by its attorneys, Brown & Kelly, LLP, for its Complaint against Defendants herein, alleges:

## SUBJECT MATTER JURISDICTION AND VENUE

      1.    This Court has subject matter jurisdiction over the claims alleged in this Complaint pursuant to 15 U.S.C § 1121 and 28 U.S.C.§ 1338(a) and (b).

      2.    This Court has personal jurisdiction over Defendants pursuant to Rule 4(f) of the Federal Rules of Civil Procedure based on, *inter alia*, Defendants' transaction of business and the commission of unlawful acts within the State of New York, and within this judicial District.  Further, Defendants reside in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

      3.    Venue lies within this Court pursuant to 28 U.S.C.§ 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and this judicial district is a district in which the Defendants are subject to personal jurisdiction.

## PARTIES

4.	Plaintiff Birkenstock Footprint Sandals, Inc., also known as Birkenstock USA (hereinafter "Birkenstock USA"), is a company organized under, and existing pursuant to, the laws of the State of California with its principal place of business in the State of California.

5.	Defendant Joseph Sole ("Sole") is an individual who resides in the State of New York, County of Erie at 641 Forest Avenue, Buffalo, New York.

6.	Defendant Guide Publications a/k/a Guide Internet Publications (collectively "Guide Publications") is a business entity of unknown form which is located in, and operates from, the State of New York, County of Erie, and more particularly, operates from 641 Forest Avenue, Buffalo, New York.

7.	Plaintiff Birkenstock USA is informed and believes, and on that basis alleges, that Defendant Sole is the owner, president, partner, managing agent or other principal of Guide Publications, that Sole directs the day to day activities of Guide Publications and that Sole uses Guide Publications to engage in the activities herein alleged.

## FACTUAL BACKGROUND

8.	Non-party Birkenstock Orthopädie GmbH ("Birkenstock Orthopädie") is the owner of numerous trademarks and service marks registered to Birkenstock Orthopädie (hereinafter "the Trademarks").

9.	As particularly relevant to the within action, included within the Trademarks are the following marks registered on the Principal Register of the United

States Patent and Trademark Office: a) "BIRKENSTOCK" bearing Registration No. 1,037,893; and b) "BIRK" bearing Registration No. 2,590,411.

10. Pursuant to an agreement between Birkenstock Orthopädie and Birkenstock USA, Plaintiff Birkenstock USA is the exclusive United States licensee of the Trademarks.

11. Pursuant to such agreement, Birkenstock USA is also the exclusive United States distributor of Birkenstock brand footwear which is known for its contoured footbed and walking comfort ("Birkenstock Products").

12. Further, pursuant to such agreement, Plaintiff Birkenstock USA is entitled to enforce its right to, *inter alia*, the exclusive use of the Trademarks in commerce in the United States in connection with the Birkenstock Products and is further entitled to enjoin the unauthorized use of the Trademarks and other unlawful conduct.

13. The exclusive right of Birkenstock USA to use the Trademarks is incontestable under 15 U.S.C. § 1065 and 1115 and pursuant to the agreement between it and Birkenstock Orthopädie.

14. Birkenstock USA has used the Trademarks to identify the Birkenstock Products by, among other things, prominently displaying the Trademarks in association with the Birkenstock Products and have prominently advertised and displayed said Trademarks to distinguish the consistent high quality of such Birkenstock Products.

15. The Trademarks are often used in combination with one another and have been, and continue to be, widely publicized through substantial advertising in New York and through out the United States.

16. Birkenstock USA has expended substantial amounts of money marketing the Birkenstock Products, and has sold millions of dollars of such Birkenstock Products under the various Trademarks during the past 38 years.

17. By virtue of the long and substantially exclusive use in commerce of the Trademarks, the popularity and success of the Birkenstock Products have become known among the general public as an indicator of goods originating with, sponsored by or otherwise associated with Birkenstock USA, its authorized retailers, and no others.

18. Birkenstock USA has enjoyed not only commercial success but also recognition in the footwear industry and retail footwear trade as a leader in comfort footwear and footwear with a contoured footbed.

19. Birkenstock USA markets and sells its products through retail establishments as well as a variety of media including, *inter alia*, its Internet website at birkenstock.com. Attached hereto as Exhibit "A" are true and correct copies of numerous pages from the birkenstock.com website.

20. The birkenstock.com website is, and always has been, used for advertising and selling Birkenstock Products to customers and potential customers of Birkenstock USA.

21. The marketing of the Birkenstock Products on Birkenstock USA's website at birkenstock.com strengthens the recognition of the Trademarks and the Birkenstock Products in the footwear industry and the retail footwear trade.

22. Customers and potential customers of birkenstock.com are advised on such website of important e-commerce business policies of Birkenstock USA.

23. By way of example only, customers and potential customers are advised of such important policies as Birkenstock USA's policies with respect to returns and refunds and also advised that birkenstock.com is a secure website and that customer privacy is assured.

24. Orders placed on the birkenstock.com website are directed to, and filled by, authorized e-commerce retailers of Birkenstock Products and/or filled by Birkenstock USA, and no others.

25. Birkenstock USA has established substantial goodwill among the general public by reason of the quality of the Birkenstock Products sold under the Trademarks and the manner and method by which it conducts its business, including its business on the Internet.

26. Defendants Sole and Guide Publications are in the business of website design and the sale of products on the Internet.

27. Sole and Guide Publications registered the domain name birkenstockonline.com to operate an Internet website at such location for the sale of Birkenstock Products. Attached hereto as Exhibit "B" are true and correct copies of numerous pages from such website.

28. No products other than Birkenstock Products are sold from such Internet website at birkenstockonline.com.

29. In connection with their Internet business at birkenstockonline.com, Sole and Guide Publications hold themselves out as an authorized retailer of Birkenstock Products and goods bearing the Trademarks.

30. Defendants Sole and Guide Publications are not authorized retailers of the Birkenstock Products or products bearing the Trademarks.

31. Defendants Sole and Guide Publications intentionally and knowingly operate their website in a manner which leads consumers to believe that there is an affiliation between Defendants and Birkenstock and that Defendants' sale of the Birkenstock Products are sponsored or approved by Birkenstock USA, which is not true.

32. The e-mail link at birkenstockonline.com links customers and potential customers to info@birkenstockonline.com which causes further confusion, as does the telephone number 888-660-BIRK which Defendants advertise on their website.

33. Nowhere in the birkenstockonline.com website is it printed that the Trademarks are the trademarks of Birkenstock USA, that the Defendants are not affiliated with Birkenstock USA, and that Defendants are not an authorized retailer of Birkenstock Products and products bearing the Trademarks.

34. Unlike Birkenstock USA at birkenstock.com, Defendants do not guarantee customer privacy, and do not otherwise communicate their e-commerce policies to visitors and customers of their website.

35. By using the domain name www.birkenstockonline.com and by using the Trademarks, Defendants Sole and Guide Publications are causing the customers and potential customers of Birkenstock Products to believe that when they order from Defendants' on-line catalog that they are ordering products from an authorized retailer of the Birkenstock Products.

36. Defendants' conduct causes consumers to question whether or not they are purchasing actual Birkenstock Products which causes the Trademarks to lessen in value

since consumers can no longer be certain that they are purchasing actual Birkenstock Products.

37. Not only are consumers harmed by Defendants' conduct, but when consumers learn that the products which they purchased from Defendants are not purchased from an authorized retailer, the reputation of Birkenstock USA is tarnished and the goodwill which Birkenstock USA has built up is diminished.

38. Defendant's use of the disputed domain name, birkenstockonline.com, the content of its website, the telephone number using the phrase "BIRK" and their use of the Trademarks is in bad faith and for the sole purpose of causing confusion, deceiving purchasers and creating an association which Birkenstock USA does not desire and which is harmful to its business.

39. Birkenstock USA has demanded that Sole and Guide Publications cease and desist from engaging in the foregoing conduct.

40. Defendants Sole and Guide Publications have failed and refused to cease and desist from engaging in such conduct and continue to willfully, intentionally and wrongly engage in such conduct.

### FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

41. Plaintiff incorporates herein paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. Plaintiff Birkenstock USA alleges that Defendants Sole and Guide Publications have engaged in, and are engaging in acts of trademark infringement in violation of 15 U.S.C. §1114.

43. The acts of Defendants constitute an infringement of Birkenstock USA's exclusive rights to the Trademarks.

44. Defendants Sole and Guide Publications have infringed on the Trademarks by using one or more of the Trademarks in interstate commerce by various acts, including those acts alleged herein.

45. Defendants' use of such Trademarks is without permission or consent of Birkenstock USA, and with the bad faith intent to cause confusion, cause mistake and deceive purchasers.

46. The actions complained of herein, unless preliminarily and permanently enjoined by this Court, will result in confusion, mistake and deception among the public and will produce attendant irreparable injury and damage to Birkenstock USA, its affiliates and authorized retailers for which there is no adequate remedy at law.

47. Defendants' continued use and exploitation of the distinctive, well-known and famous Trademarks unjustly enriches Defendants Sole and Guide Publications by enabling them to unfairly trade upon the business reputation, quality control standards and goodwill of Birkenstock USA.

48. Birkenstock USA's damages from the foregoing conduct are continuing.

## SECOND CLAIM FOR RELIEF
**(Cybersquatting)**

49. Plaintiff incorporates herein paragraphs 1 through 40 of this Complaint as if fully set forth herein.

50. The domain name birkenstockonline.com contains one or more of the Trademarks, and is identical and/or confusingly similar to, and dilutive of, such Trademarks.

51. Defendants Sole and Guide Publications registered such domain name with the bad faith intent to divert customers from Birkenstock USA's own on-line location at birkenstock.com for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the website.

52. Defendants Sole and Guide Publications registered, traffic in and use the domain name birkenstockonline.com with the bad faith intent to profit.

53. Defendants Sole and Guide Publications have engaged in cybersquatting in violation of the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125 (d) by registering and using a domain name which includes the distinctive, well-known and famous Trademarks to, *inter alia*, divert customers from Birkenstock's on-line site to Defendants' website.

54. The actions complained of herein, unless preliminarily and permanently enjoined by this Court, will result in confusion, mistake and deception among the public and will produce attendant irreparable injury and damage to Birkenstock USA, its affiliates and authorized retailers for which there is no adequate remedy at law.

55. Defendants' continued use and exploitation of the distinctive, well-known and famous Trademarks unjustly enriches Defendants Sole and Guide Publications by enabling them to unfairly trade upon the business reputation, quality control standards and goodwill of Birkenstock USA.

56. Birkenstock USA's damages from the foregoing conduct are continuing.

### THIRD CLAIM FOR RELIEF
**(Unfair Competition)**

57. Plaintiff incorporates herein paragraphs 1 through 40 of this Complaint as if fully set forth herein.

58.     Plaintiff Birkenstock alleges that Defendants have engaged in, and are engaging in, acts constituting unfair competition of a type proscribed by 15 U.S.C. §1125(a).

59.     Defendants Sole and Guide Publications are using the Trademarks in connection with the sale of products in such a manner as to falsely indicate sponsorship, affiliation or approval by Birkenstock USA, thereby creating a likelihood of confusion among prospective purchasers, which acts have damaged, impaired and diluted that part of the goodwill symbolized by the well-known Trademarks, to the immediate and irreparable damage of Birkenstock USA.

60.     The acts of unfair competition have caused Birkenstock USA irreparable injury, loss of reputation and pecuniary damages.

61.     The actions complained of herein, unless preliminarily and permanently enjoined by this Court, will result in confusion, mistake and deception among the public and will produce attendant irreparable injury and damage to Birkenstock USA, its affiliates and authorized retailers for which there is no adequate remedy at law.

62.     Defendants' continued use and exploitation of the distinctive and famous Trademarks in advertising, promoting and selling it products unjustly enriches Defendants Sole and Guide Publications by enabling them to unfairly trade upon the business reputation, quality control standards and goodwill of Birkenstock USA.

63.     Birkenstock USA's damages from the foregoing conduct are continuing.

## FOURTH CLAIM FOR RELIEF
### (Dilution)

64.     Plaintiff incorporates herein paragraphs 1 through 40 of this Complaint as if fully set forth herein.

65. Defendants Sole and Guide Publications have engaged in, and are engaging in, acts constituting trademark dilution of a type proscribed by 15 U.S.C. § 1125(c).

66. For more than 38 years, Birkenstock has extensively advertised and used the famous, well-known and distinctive Trademarks for marketing its products in the State of New York and throughout the United States. Sales have amounted to millions of dollars.

67. Defendants Sole and Guide Publications have been using, and are using, the Trademarks in connection with the sale of product in an unlawful, unfair and fraudulent manner so as to dilute these famous, well-known and distinctive Trademarks.

68. Such acts have damaged, impaired and diluted the goodwill symbolized by the Trademarks, thereby diluting the Trademarks to Birkenstock USA's immediate and irreparable damage.

69. Unless preliminarily and permanently enjoined by this Court, Defendants Guide Publications and Sole will continue said acts of dilution to Birkenstock USA's immediate and irreparable harm for which there is no adequate remedy at law.

70. Birkenstock USA's damages from the foregoing conduct are continuing.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Birkenstock Footprint Sandals, Inc. requests that Judgment be entered against Defendants Joseph Sole and Guide Publications as follows:

1. That Defendants Joseph Sole and Guide Publications, and their respective agents, servants, employees, and all others acting in active concert or participation with them, be preliminarily and permanently enjoined from:

    (a)    Making any unauthorized use of the Trademarks;

    (b)    Unfairly competing with Birkenstock USA, diluting the famous, well-known and distinctive Trademarks, and otherwise injuring the business reputation of Birkenstock USA in any manner;

    (c)    Holding themselves out as, or representing themselves to be, an authorized retailer of Birkenstock Products;

    (d)    Using the domain name birkenstockonline.com or any other domain name which includes, or is confusingly similar to, the Trademarks; and

    (e)    Using the telephone number 888-660-BIRK.

2.    That Defendants Sole and Guide Publications be directed to assign and transfer to Birkenstock USA the domain name birkenstockonline.com and each other domain name which Defendants have registered which incorporates, or which is confusingly similar to, the Trademarks.

3.    That Defendants Sole and Guide Publications be directed to assign and transfer to Birkenstock USA the telephone number 888-660-BIRK and each other telephone number which includes the Trademarks or which is confusingly similar.

4.    That Defendants Sole and Guide Publications be directed to cease operating its website, and deliver up for destruction all advertisements and other printed media in their possession, or under their control, which displays in an unauthorized manner the Trademarks in connection with the sale and/or marketing of products;

5.       That Defendants Sole and Guide Publications be directed to pay to Birkenstock USA all profits derived from the sale of the Birkenstock Products in an unauthorized manner;

6.       That Birkenstock USA be awarded all damages sustained by it which are attributable to the willful and intentional acts of unfair competition, trademark infringement, dilution and cybersquatting of Defendants Sole and Guild Publications.

7.       That Defendants Sole and Guide Publications be directed to pay Birkenstock USA all unjust enrichment acquired by them as a result of their unfair competition, trademark infringement, dilution and cybersquatting.

8.       That Birkenstock USA be awarded enhanced damages and reasonable attorneys fees by reason of their bad faith; and

9.       That Birkenstock USA be awarded its costs of suit incurred, and such other and further relief as the Court deems necessary, just and proper.

## JURY DEMAND

Plaintiff Birkenstock Footprints Sandals, Inc. hereby requests trial by jury.

DATED:  October 19, 2004                                                        BROWN & KELLY, LLP

                                                                                                s/Lisa T. Sofferin
                                                                                                Lisa T. Sofferin Atty.
                                                                                                Attorneys for Plaintiff
                                                                                                Birkenstock Footprint
                                                                                                Sandals, Inc.
                                                                                                1500 Liberty Building
                                                                                                Buffalo, New York 14202
                                                                                                (716) 854-2620