UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BIRKENSTOCK FOOTPRINT SANDALS, INC.,

                Plaintiff,

**ORDER**

vs.

04-CV-858S(F)

JOSEPH SOLE,
GUIDE PUBLICATIONS,

                Defendants.
_____

By papers filed June 30, 2005, Defendants seek permission to add parties. Plaintiff does not oppose the motion. Defendants do not indicate that the proposed parties may be liable to them if they are found liable to Plaintiff. Rather, Defendants' stated reasons for the motion is that such proposed parties have evidence relevant to Defendants' ability to defend the action. However, a such evidence is obtainable from non-parties pursuant to Fed.R.Civ.P. 45, it is unnecessary to add the persons having such evidence as parties for this reason.

Additionally, as the action has been pending for some time, the addition of the proposed parties will cause further delay in the prosecution of this action. Thus, Defendants have failed to demonstrate any grounds pursuant to Fed.R.Civ.P. 15(d) to warrant the proposed addition of new parties. As Defendants are able to obtain evidence, which may be favorable to his defense, by exercising his right to proceed under Rule 45, he cannot demonstrate that denial of the motion will violate the requirement that proposed amendments be granted "when justice so requires." *Foman*

*v. Davis*, 371 U.S. 178 (1962).  In the instant circumstances, no injustice will result if Defendants are required to proceed pursuant to Rule 45, particularly, where, as here, Defendants have failed to submit a proposed third-party complaint alleging any potential liability against the proposed parties.  See Fed.R.Civ.P. 30(a)(1) ("The attendance of witnesses [at depositions] may be compelled by subpoena as provided in Rule 45."); *see also, Jawbone, LLC v. Donohue,* 2002 WL 1424587, *3 (S.D.N.Y. June 28, 2002) ("nonparties may be called upon to produce evidence and to give testimony at trial.") (citing Fed.R.Civ.P. 45); *Price Waterhouse LLP v. First American Corp.,* 182 F.R.D. 56 (S.D.N.Y. 1998) ("This Rule [30], by its language, is applicable to both parties and nonparties.")  Moreover, while Plaintiff's lack of opposition suggests that Defendants' motions were unnecessary, *see* Fed.R.Civ.P. 15(a) ("a party may amend the party's pleading only by leave of court or by written consent of the adverse party . . .."), nevertheless, the absence of Plaintiff's opposition does not require the court to grant the motion.  *See Vermont Teddy Bear Co. v. 1-800-Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) (holding in context of summary judgment motion that the fact that a motion is unopposed does not relieve district court of duty to decide whether movant is entitled to relief sought as a matter of law).

Based on the foregoing, Defendants' motions (Doc. Nos. 22, 23, 24 and 25) are DENIED.

PLAINTIFF IS ADVISED THAT ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH

THE CLERK OF COURT **NOT LATER THAN 10 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 26, 2005
      Buffalo, New York